IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLARD SCISSUM | ) |
| Plaintiff, | ) |
| vs | ) Case No.: 2:09CV559-WHA |
| LVNV FUNDING LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Willard M. Scissum, by and through undersigned counsel, for his Complaint against Defendant LVNV Funding LLC states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by this Defendant in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here and Defendant transacts business here.

### PARTIES

4. Plaintiff Willard Scissum ("Scissum") is a natural person who resides in the City of Huntsville, County of Madison, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant LVNV Funding LLC ("LVNV") is a Delaware corporation with its principal place of business in the State of Delaware that engages in the business of debt collection and is a "debt

collector" as that term is defined by 15 U.S.C. § 1692a(6) conducting regular, systematic business in this Judicial District.

## FACTUAL ALLEGATIONS

6.  Plaintiff Willard M. Scissum ("Scissum") is and for all relevant times herein has been a resident of Madison County.

7.  On June 13, 2008, LVNV filed suit against Scissum in the District Court of Montgomery County, Small Claims Division in Case Number SM 2008-2548 in an attempt to collect an alleged consumer debt in an alleged capacity of "assignee of Citibank".

8.  Scissum has never lived in or signed a contract for debt in Montgomery County.

9.  Defendant had information in its possession and/or ready access to information from neutral objective sources enabling it to readily obtain Scissum's county of residence.

10. Defendant filed suit against Scissum without any intent of carrying its case through by presenting admissible evidence to prove its assertions.

## CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. Scissum incorporates by reference the allegations of all preceding paragraphs as if set forth fully herein.

12. The filing of the instant lawsuit in Montgomery County, where Scissum neither resides nor signed a contract upon which LVNV's instant claim is based, is in blatant violation of 15 U.S.C.A.1692i(a) which provides:

> Any debt collector who brings any legal action on a debt against any consumer shall--
>
> (1) in the case of an action to enforce an interest in real property

securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (I), bring such action only in the judicial district or similar legal entity--

(a) in which such consumer signed the contract sued upon; or

(b) in which such consumer resides at the commencement of the action.

13. In the filing of its lawsuit against him without the intent to support its allegations with admissible evidence, LVNV has also instigated an unreasonable, unjustifiable and deceptive civil action upon the Plaintiff.

14. The Defendant's actions as described herein constitute violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692i amongst others.

15. As a result of LVNV's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from this Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant:

A. For an award of actual damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1692k(a)(1);

B. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.  For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

Respectfully submitted,

Dated: June 12, 2009

THE ANDERSON LAW FIRM, LLC

_____
John W. Charles
**Attorney for Plaintiff**

Please serve the Defendant by certified mail at the following address:

LVNV Funding LLC
The Corporation Trust Company
1209 Trust Center
Wilmington, DE 19801